**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4423

_____

RICHARD REICHART,
Appellant

v.

JOHN WETZEL, Individually and in his Official Capacity as Secretary of the
Pennsylvania Department of Corrections; STEVEN GLUNT, Individually and in his
Official Capacity as Superintendent of the Pennsylvania Department of Corrections;
DAVID J. CLOSE, Individually and in his Official Capacity as Deputy Warden of the
Pennsylvania Department of Corrections; KENNETH HOLLIBAUGH, Individually and
in his Official Capacity as Deputy Warden of the Pennsylvania Department of
Corrections; MR. BOONE, Individually and in his Official Capacity as Maintenance
Supervisor of the Pennsylvania Department of Corrections; PA DEPARTMENT OF
CORRECTIONS; WEXFORD HEALTH SERVICES, in their Individual and Official
Capacity as Health Care Provider of Corrections; DR. MUHAMMAD GHASSAN NAJI,
Individually and in his Official Capacity as Medical Director of the Pennsylvania
Department of Corrections

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-00021)
District Judge: Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
on Tuesday, December 6, 2016

Before: FISHER, KRAUSE, and MELLOY,* *Circuit Judges*

(Opinion filed: December 27, 2016)

_____

* The Honorable Michael J. Melloy, Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

---

OPINION[**]

---

KRAUSE, *Circuit Judge*.

Richard Reichart, an inmate at the State Correctional Institution in Houtzdale,

Pennsylvania, appeals two orders of the District Court dismissing his amended complaint

and denying his motion to alter or amend judgment. For the reasons set forth below, we

will vacate and remand.[1]

On January 30, 2014, proceeding pro se and *in forma pauperis*, Reichart filed a

civil rights action against the Pennsylvania Department of Corrections and various DOC

employees and affiliated medical providers, alleging Defendants provided negligent and

reckless medical care after Reichart injured his foot by stepping into a hole in a prison

walkway. Screening Reichart's complaint pursuant to 28 U.S.C. § 1915A, a Magistrate

Judge recommended dismissal without prejudice to proceeding in state court and afforded

Reichart fourteen days to file an amended pleading stating a federal claim.

Reichart timely amended his complaint, asserting Eighth and Fourteenth

Amendment claims arising out of Defendants' failure to maintain safe premises and

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Counsel for Reichart is appearing *pro bono*. We express our gratitude to counsel for accepting this matter *pro bono* and for the quality of his representation. Lawyers who act *pro bono* fulfill the highest service that members of the bar can offer to indigent parties and to the legal profession.

to provide necessary and appropriate medical treatment for injuries to his foot. On March 4, 2014, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the amended complaint by summary order, finding Reichart failed to state a federal claim and disallowing further leave to amend.

Within one week, Reichart moved to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), and the Magistrate Judge recommended denial. Reichart objected to the Magistrate Judge's Report and Recommendation and filed a second amended complaint comprising new claims against Defendants. On October 17, 2014, the District Court summarily denied the motion without acknowledging Reichart's second amended complaint, and this appeal followed. Reichart challenges both orders of the District Court.[2]

We apply plenary review to a district court's *sua sponte* dismissal of a complaint for failure to state a claim under the Prison Litigation Reform Act, *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000), and we review denial of a motion pursuant to Federal Rule of Civil Procedure 59(e) for abuse of discretion, *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011). As a general rule, district courts are required to offer amendment in civil rights cases, particularly to pro se plaintiffs, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). We have advised that "[t]he refusal to grant leave without any justification for the denial can be an abuse of discretion." *Cureton v. Nat'l*

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

3

*Collegiate Athletic Ass'n*, 252 F.3d 267, 276 (3d Cir. 2001); *see Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Further, it is axiomatic that pro se pleadings must be construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Here, the District Court's abuse of discretion is manifest. Its orders, both of which dispose of an intervening pleading filed by Reichart following the Magistrate Judge's Report and Recommendation, offer no substantive analysis for our review. The first order—dismissing the case *in toto*—addresses Reichart's amended complaint in a cursory manner, adopts wholesale the Report and Recommendation that preceded its filing, and proscribes further pleading without explanation. The second order—denying Reichart's Rule 59(e) motion—fails to acknowledge the presence of Reichart's second amended complaint and provides no reasons for the decision to deny. Thus, the District Court's scant analysis forecloses us from conducting meaningful review and deprives Reichart of the fair process due all litigants.

We also note that Reichart's filings were timely and appear to be made in good faith. His amended complaint met the fourteen-day deadline established by the first Report and Recommendation, and his motion to alter or amend was submitted within one week of the District Court order dismissing his case. Moreover, each new iteration of his complaint carefully supplements his allegations in an attempt to state a federal claim. In sum, the perfunctory screening Reichart received constitutes an abuse of discretion, and we are compelled to vacate and remand with instructions to the District Court to consider and to provide a reasoned analysis of Reichart's proposed amended pleadings.

4